

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR -5  AM 10: 55

LORETTA G. WHYTE
        CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-170 |
| REGINALD HARPER | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, REGINALD HARPER, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL, ON THE 28TH DAY OF MARCH 2005, FOR A HEARING ON THE GOVERNMENT'S AMENDED RULE TO REVOKE SUPERVISED RELEASE. AFTER PLEADING GUILTY TO CONSPIRACY TO POSSESS WITH THE INTENT TO DISTRIBUTE HEROIN, THE DEFENDANT WAS SENTENCED, ON OCTOBER 25, 2000, WAS SENTENCED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA TO TWELVE (12) MONTHS IMPRISONMENT, FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE. FOR THE DURATION OF HIS SUPERVISED RELEASE, THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS WERE IMPOSED: (1) THE ORIENTATION AND LIFE SKILLS CONDITION; (2) THE DRUG ABUSE TREATMENT

___ Fee_____
___ Process___
 X  Dktd_____
___ CtRmDep__
___ Doc. No.___

AND/OR TESTING CONDITION; AND (3) A REQUIREMENT THAT THE DEFENDANT OBTAIN A GED WHILE INCARCERATED.

THE DEFENDANT'S TERM OF SUPERVISED RELEASE COMMENCED ON JUNE 15, 2001. ON OCTOBER 30, 2002, HIS SUPERVISED RELEASE WAS REVOKED AND HE WAS COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A TERM OF IMPRISONMENT OF EIGHTEEN MONTHS WITH EIGHTEEN MONTHS OF SUPERVISED RELEASE TO FOLLOW. FOR THE DURATION OF HIS SECOND TERM OF SUPERVISED RELEASE, THE COURT ORDERED THAT THE DEFENDANT NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, THAT THE DEFENDANT NOT POSSESS A FIREARM, AND THAT THE DEFENDANT COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT.

IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS WERE IMPOSED ON HIS SECOND TERM OF SUPERVISED RELEASE: (1) THAT THE DEFENDANT PARTICIPATE IN THE ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER; (2) THAT THE DEFENDANT PARTICIPATE IN A PROGRAM OF TESTING AND/OR TREATMENT FOR DRUG ABUSE, AS DIRECTED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER. THE DEFENDANT WAS ORDERED TO CONTRIBUTE TO THE COST OF SUCH TREATMENT TO THE EXTENT THAT HE WAS DEEMED CAPABLE BY THE PROBATION OFFICER; AND (3) THAT THE DEFENDANT OBTAIN HIS GED. THE DEFENDANT'S SECOND TERM OF SUPERVISED RELEASE

COMMENCED ON OCTOBER 10, 2003. ON MARCH 23, 2004, THREE MONTHS OF HOME DETENTION WERE ADDED AS SPECIAL CONDITION TO SUPERVISED RELEASE.

THE COURT FINDS THAT THE DEFENDANT, REGINALD HARPER, HAS VIOLATED THE TERMS AND CONDITIONS OF HIS SECOND TERM OF SUPERVISED RELEASE BY: (1) SUBMITTING URINE SAMPLES TO PERSONNEL AT THE METHODIST COUNSELING CENTER TESTING POSITIVE FOR COCAINE ON JANUARY 13 AND 21, 2004, JANUARY 13 AND 25, 2005, AND FEBRUARY 17 AND 24, 2005, AND USING AND POSSESSING COCAINE ON OR ABOUT THESE DATES; (2) FAILING TO REPORT FOR AN UNSCHEDULED URINALYSIS AT THE METHODIST COUNSELING CENTER ON DECEMBER 17, 2003; (3) FAILING TO REPORT FOR A SCHEDULED GROUP MEETING AT FAMILY SERVICES OF GREATER NEW ORLEANS ON OCTOBER 7, 2004.

THE COURT HAS CONSIDERED THE RELEVANT STATUTES AND CASE LAW, AS WELL AS THE ADVISORY PROVISIONS OF THE UNITED STATES SENTENCING GUIDELINES, AND THE CHAPTER 7 POLICY STATEMENTS OF THE UNITED STATES SENTENCING COMMISSION. BECAUSE THE DEFENDANT TESTED POSITIVE FOR COCAINE ON THE DATES PREVIOUSLY INDICATED, AND ADMITTED TO KNOWING AND VOLUNTARY USE AND POSSESSION OF COCAINE ON THE DATES OF THAT USE, THE COURT FINDS THAT THE DEFENDANT UNLAWFULLY POSSESSED A CONTROLLED SUBSTANCE FOR PURPOSES OF 18 U.S.C. §3583(g)(1). THUS, THE COURT

FINDS REVOCATION OF THE DEFENDANT'S SUPERVISED RELEASE AND IMPRISONMENT TO BE MANDATORY UNDER THAT STATUTE.[1]

UNDER 18 U.S.C. §3583(D), HOWEVER, WHEN CONSIDERING ANY ACTION AGAINST A DEFENDANT WHO FAILS A DRUG TEST, THE COURT MUST CONSIDER WHETHER THE AVAILABILITY OF APPROPRIATE SUBSTANCE ABUSE TREATMENT PROGRAMS, OR AN INDIVIDUAL'S CURRENT OR PAST PARTICIPATION IN SUCH PROGRAMS, WARRANTS AN EXCEPTION IN ACCORDANCE WITH THE UNITED STATES COMMISSION GUIDELINES FROM THE MANDATORY REVOCATION RULE OF SECTION 3583(g),. HAVING CONSIDERED THESE FACTORS, THE COURT DOES NOT FIND THAT AN EXCEPTION TO THE MANDATORY REVOCATION AND IMPRISONMENT REQUIREMENT OF 18 U.S.C. §3583(g) IS WARRANTED HERE.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT HAS BEEN ENROLLED IN AN OUTPATIENT DRUG TREATMENT PROGRAM. DESPITE HIS INVOLVEMENT IN THIS PROGRAM, AND THE TWO OPPORTUNITIES FOR SUPERVISED RELEASE GIVEN TO HIM, THE DEFENDANT HAS CONTINUED TO USE ILLEGAL DRUGS, HAS FAILED TO REPORT FOR RANDOM DRUG TESTING ON AT LEAST ONE OCCASION, AND HAS FAILED TO REPORT FOR A SHEDULED GROUP MEETING AT FAMILY SERVICES OF GREATER NEW ORLEANS. SIGNIFICANTLY, THE DEFENDANT'S MOST RECENT DRUG USE OCCURRED AFTER HE COMPLETED THREE MONTHS OF HOME DETENTION AS AN ADDED CONDITION TO HIS SUPERVISED RELEASE. GIVEN THESE

---

[1] *SEE UNITED STATES V. ALVARADO*, 201 F.3D 379, 381 N.1 (5TH CIR. 2000); *UNITED STATES V. COURTNEY*, 979 F.2D 45, 48-50 (5TH CIR. 1992); *UNITED STATES V. SMITH*, 978 F.2D 181, 182 (5TH CIR. 1992).

CIRCUMSTANCES, THE COURT DOES NOT BELIEVE THAT OFFERING PARTICIPATION IN A SUBSTANCE ABUSE PROGRAM, AS AN ALTERNATIVE TO INCARCERATION, IS APPROPRIATE.

EVEN IF THE COURT DID NOT FIND REVOCATION AND IMPRISONMENT TO BE MANDATORY UNDER SECTION 3583(G), THE COURT, FOR SIMILAR REASONS, FINDS REVOCATION AND IMPRISONMENT TO BE APPROPRIATE UNDER THE DISCRETIONARY AUTHORIZATION PROVIDED BY 18 U.S.C. §3583(E)(3).

HAVING FOUND REVOCATION AND IMPRISONMENT TO BE WARRANTED, THE COURT MUST DETERMINE THE APPROPRIATE TERM OF IMPRISONMENT. UNDER THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. ACCORDING TO POLICY STATEMENT §7B1.1(B), WHEN THERE IS MORE THAN ONE VIOLATION OF THE CONDITIONS OF SUPERVISION, THE GRADE OF THE SUPERVISED RELEASE VIOLATION IS DETERMINED BY THE VIOLATION HAVING THE MOST SERIOUS GRADE. HERE, THE PROBATION OFFICER HAS ASSESSED THE DEFENDANT'S CRIMINAL HISTORY CATEGORY TO BE A "I" AND THE SUPERVISED RELEASE VIOLATIONS TO BE A "GRADE C" VIOLATIONS.

BECAUSE THE COURT FINDS THAT THE DEFENDANT HAS UNLAWFULLY POSSESSED ONE OR MORE CONTROLLED SUBSTANCES IN VIOLATION OF THE CONDITIONS OF HIS SUPERVISED RELEASE, HOWEVER, AND BECAUSE THE DEFENDANT PREVIOUSLY WAS CONVICTED OF A DRUG OFFENSE, THE COURT

FURTHER FINDS THAT, UNDER 21 U.S.C. §844(A), THE DEFENDANT'S CONDUCT IS PUNISHABLE BY A TERM OF IMPRISONMENT EXCEEDING ONE YEAR.[2] ACCORDINGLY, THE COURT FINDS THAT THE DEFENDANT'S SUPERVISED RELEASE VIOLATIONS ARE GRADE B VIOLATIONS FOR PURPOSES OF POLICY STATEMENTS §§7B1.1 AND 7B1.4. THUS, BASED ON A CRIMINAL HISTORY CATEGORY OF "I", THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 4-10 MONTHS. NEVERTHELESS, THE COURT NOTES THAT, BECAUSE THE DEFENDANT'S FIRST TERM OF SUPERVISED RELEASE WAS REVOKED AND HE WAS ORDERED TO BE INCARCERATED FOR EIGHTEEN (18) MONTHS, THE STATUTORY LIMIT ON THE DEFENDANT'S PRESENT TERM OF IMPRISONMENT IS SIX (6) MONTHS, AND HE IS NOT ELIGIBLE FOR A THIRD TERM OF SUPERVISED RELEASE.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS AMENDED AND AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISION IN *U.S. v. BOOKER and U.S. v. FANFAN*, RENDERED ON JANUARY 12, 2005, IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON OCTOBER 30, 2002, IS REVOKED, AND THAT THE DEFENDANT, REGINALD HARPER IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF SIX (6) MONTHS. THE COURT HAS IMPOSED THE MAXIMUM TERM ALLOWED BY LAW BECAUSE THE DEFENDANT HAS NOT BEEN COMPLIANT WITH THE TERMS OF HIS

---

[2] SEE *UNITED STATES V. SPRIGGS*, 2003 WL 1795874 (6TH CIR.); *UNITED STATES V. TROTTER*, 270 F.3D 1150 (7TH CIR. 2001); *UNITED STATES V. CRACE*, 207 F.3D 833 (6TH CIR. 2000); *UNITED STATES V. GRIFFIN*, 201 F.3D 438, 1999 WL 1080107 (4TH CIR. 1999); *UNITED STATES V. JUSTICE*, 2003 WL 21107305 (S.D. W.VA. 2003); *UNITED STATES V. WALLACE*, 90 F. SUPP.2D 1196, 1198-1200 (D. KANSAS 2000).

SECOND TERM OF SUPERVISED RELEASE AND, BECAUSE HE HAS CONTINUED TO USE ILLEGAL DRUGS, TO ALLOW HIM SUFFICIENT TIME TO COMPLETE AVAILABLE DRUG TREATMENT PROGRAMS. UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT WILL NOT BE PLACED ON SUPERVISED RELEASE.

THE COURT RECOMMENDS TO THE BUREAU OF PRISONS THAT, IF POSSIBLE, THE DEFENDANT BE ASSIGNED TO A FACILITY WHERE HE CAN RECEIVE TREATMENT FOR DRUG ABUSE AND PARTICIPATE IN EDUCATIONAL AND VOCATIONAL PROGRAMS.

**IT WAS FURTHER ORDERED** THAT REGINALD HARPER BE REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

NEW ORLEANS, LOUISIANA, THIS 4th DAY OF APRIL 2005.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE